## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Mari Nagy, </br>998 Center South Rd., </br>Leavittsburg, Ohio 44430, </br></br>on behalf of herself </br>and all others similarly situated, </br></br>Plaintiff, </br></br>vs. </br></br>LORDSTOWN CONSTRUCTION </br>RECOVERY, LLC, </br>c/o its Statutory Agent, </br>C T Corporation System, </br>4400 Easton Commons Way, Suite 125, </br>Columbus, Ohio 43219, </br></br>Defendant. | CASE NO.: </br></br>JUDGE |

## CLASS ACTION COMPLAINT AND JURY DEMAND

## INTRODUCTION

1. Plaintiff brings this class action against Defendant Lordstown Construction Recovery LLC, which owns and operates the Lordstown Construction Recovery landfill located in Trumbull County, Ohio. Through operation of its landfill, Defendant releases noxious odors and dust that invade Plaintiff's property, causing property damage through negligence, gross negligence and nuisance.

## PARTIES

2. At all times relevant hereto, Plaintiff Mari Nagy has been a citizen of Ohio and has resided at 998 Center South Rd., Leavittsburg, Ohio.

3. Defendant, Lordstown Construction Recovery, LLC, is a Delaware Corporation with its principal place of business in Warren, OH.

4. Defendant's landfill ("the Landfill") is located at 6205 Palmyra Rd, Warren, Ohio.

5. Upon information and belief, Defendant, including its predecessors and agents, either constructed or directed the construction of the landfill and exercised control and ownership over the landfill.

6. Defendant may be served with process through its agent CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d).

8. There are 100 or more Class Members and the aggregate amount in controversy exceeds Five Million Dollars ($5,000,000.00) exclusive of interest and costs.

9. Plaintiff Mari Nagy is a citizen of Ohio, and Defendant is a citizen of Delaware.

10. Independent of and in addition to original jurisdiction under CAFA, this Court has original jurisdiction because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1).

11. The Court has personal jurisdiction over Defendant, who has at least minimum contacts with the State of Ohio because it regularly conducts substantial business in Ohio through the ownership and/or operation of the Landfill.

12. Defendant at all relevant times hereto conducted substantial business in this district, and many of the acts, occurrences and/or transactions alleged in this Complaint occurred in this District.

13. Venue in the United States District Court for the Northern District of Ohio is proper because Defendant transacts business within this District and a substantial portion of the events giving rise to the claims at issue in this Complaint occurred in this District.

## GENERAL ALLEGATIONS

14. Defendant accepts thousands of tons of waste per day, including but not limited to construction and demolition waste for disposal at its landfill.

15. Materials deposited into Defendant's landfill decompose and generate (among other things) landfill gas, an odorous and offensive byproduct of decomposition which generally consists of hydrogen sulfide, methane, carbon dioxide, and various odorous compounds.

16. Landfill gas from landfills that contain construction and demolition debris can be especially odiferous given the high content of hydrogen sulfide, which is known to have a characteristic "rotten-egg" smell.

17. Plaintiff's property has been and continues to be physically invaded by noxious odors and dust.

18. The noxious odors and dust which entered Plaintiff's property originated from Defendant's landfill.

19. These odors and dust caused by the Landfill have been and continue to be dispersed across all public and private land in the class area.

20. At all times relevant hereto, the Landfill has been managed and operated exclusively by Defendant.

21. A properly constructed, operated, and maintained landfill will collect, capture and destroy landfill gas from the landfill in order to prevent it from escaping into the ambient air as fugitive emissions.

22. Defendant is required to control its noxious emissions by, among other things, following proper landfilling practices, utilizing adequate landfill cover and covering practices, utilizing adequate lining and lining practices, and installing, operating and maintaining systems for the routing, capture, removal, and elimination of leachate and landfill gas.

23. Defendant has failed to sufficiently manage, collect, capture, and destroy landfill gas generated at its landfill to prevent fugitive emissions and to otherwise prevent odors and dust from the landfill from invading the homes and property of Plaintiff and the Class.

24. Defendant has failed to adequately control its noxious emissions, in ways including but not limited to an inadequate landfill gas collection system; inadequate wellhead vacuum; inadequate monitoring; inadequate and/or improper cover and covering practices; inadequate and/or improper lining practices; inadequate collection and management of leachate systems; excess intake of construction and demolition materials without adequate gas and leachate collection and extraction systems; and inadequate use of odor neutralizing systems and products.

25. Defendant has failed to properly control the offsite emission of dust in ways, including but not limited to:

   a. Failure to utilize dust control measures at the working face and while unloading railroad cars;

   b. Insufficient vegetation and improper erosion control;

   c. Failure to use tarps on open vehicles and failure to use enclosed spaces where necessary.

26. The Landfill and its noxious emissions have been the subject of frequent complaints from residents in the nearby residential area.

27. Plaintiff Mari Nagy describes the odors and dust as "awful" and "the stench from the area is carried on air, it comes in through open windows. The smell gives my daughter instant headaches. The dust covers everything in my home and causes allergies. The smell is awful causing no enjoyment of activities outdoors.

28. Numerous households have contacted Plaintiff's counsel documenting the odors and dust they attribute to the Defendant's landfill.

29. Below is a small sampling of the factual allegations made by putative class members to Plaintiff's counsel, demonstrating that the Landfill is the source and cause of the odor emissions, which have caused damages to neighboring properties.

   a. Putative class members Brandon and Tracy Behnke from Warren, Ohio reported that "There is often skunk-like or rotten smelling odors along with constant dirt and dust."

   b. Putative class members Renee and Christopher Lee from Warren, Ohio reported "Depending on which way the breeze is blowing the smell is so overwhelming I have to go inside and close all windows and doors. Dust is a daily occurrence. What are we breathing?"

   c. Putative class members Ron and Nancy Ritz from Warren, Ohio reported "There are times we cannot sit out or open our windows because of foul odor. Keeping windows open any length of time is not an option because of the dust."

   d. Putative class members Todd and Judy Wells from Warren, Ohio reported "Dust prevents us from opening windows – constantly cleaning and washing - have to remove dust buildup. Odor prevents us from sitting outside or opening windows."

30. As a result of the Defendant's noxious emissions and resulting complaints, the Ohio EPA has issued the Defendant numerous Notices of Violation (NOV), including but not limited to the following:

   a. NOV issued on January 24, 2022, due to excessive off-site emissions of hydrogen sulfide;

5

    b. NOV issued on December 27, 2021, due to excessive off-site emissions of hydrogen sulfide;

    c. NOV issued on October 5, 2021, due to excessive emission of fugitive dust;

    d. NOV issued on October 5, 2021, for failure to inspect incoming material for prohibited waste. A second NOV was also issued on October 5, 2021, for multiple violations;

    e. NOV issued on January 27, 2021, due to excessive off-site emissions of hydrogen sulfide;

    f. NOV issued on December 11, 2020, due to excessive off-site emissions of hydrogen sulfide;

    g. NOV issued on November 27, 2020, due to excessive off-site emissions of hydrogen sulfide;

    h. NOV issued on March 24, 2020, due to excessive off-site emissions of hydrogen sulfide;

    i. NOV issued on February 19, 2020, due to excessive off-site emissions of hydrogen sulfide;

31. The Landfill has emitted, and continues to emit, objectionable odors and dust that are detectable outside the bounds of its property.

32. The Landfill has emitted objectionable odors and dust that have caused negative impacts to its neighbors.

33. Plaintiff and members of the putative class suffer from physical discomfort because of Defendant's noxious odors and dust, including but not limited to nausea, stomach aches, difficulty breathing, and headaches.

34. The foul odors and dust emitted from the Landfill are offensive, would be offensive to a reasonable person of ordinary health and sensibilities, and have caused property damage, including by interfering with the ability of Plaintiff and the Class to use and enjoy their homes and property.

35. The Class Area is home to a wide range of commercial and recreational activities, including but not limited to agriculture, transportation, warehousing, retail trade, health care and social services, construction, mining, manufacturing, educational services, and dining.

36. Plaintiff is a limited subset of individuals in Trumbull County and the Class Area, that includes only owner/occupants and renters of residential property who live within the Class Area and fit within the Class Definition.

37. Members of the public, including but not limited to businesses, employees, commuters, tourists, visitors, customers, clients, students, and patients, have experienced and been harmed by the fugitive noxious odors and dust emitted from the Landfill into public spaces; however, unlike Plaintiff and the Class, members of the public who are outside of the Class Definition have not suffered damages of the same kind, in the form of diminished property values and/or loss of use and enjoyment of their private property.

38. The invasion of Plaintiff's property and that of the Class by noxious odors and dust has reduced the value of that property and has interfered with the use and enjoyment of that property, resulting in damages in excess of $5,000,000.00.

39. Defendant knowingly, negligently, intentionally, recklessly, willfully, and grossly failed to properly construct, repair, maintain and/or operate its landfill, and caused the invasion of Plaintiff's property by noxious odors and dust on frequent, intermittent and ongoing reoccurring occasions.

# CLASS ALLEGATIONS

### A.     Definition of the Class

40.     Plaintiff brings this action individually and on behalf of all persons as the Court may determine to be appropriate for class certification, pursuant to Federal Rule of Civil Procedure 23. Plaintiff seeks to represent a Class of persons preliminarily defined as:

> **All owner/occupants and renters of residential property residing within three (3) miles of the landfill's property boundary.**

The definitional boundary is subject to modification as discovery will disclose the location of all persons properly included in the Class ("Class Members").  Plaintiff reserves the right to propose one or more sub-classes if discovery reveals that such subclasses are appropriate.

41.     This case is properly maintainable as a class action pursuant to and in accordance with Rule 23(a) of the Federal Rules of Civil Procedure in that:

   a. The class, which includes thousands of members, is so numerous that joinder of all members is impracticable;

   b. There are substantial questions of law and fact common to the class including those set forth in greater particularity herein;

   c. Questions of law and fact such as those enumerated below, which are all common to the class, predominate over any questions of law or fact affecting only individual members of the class;

   d. The claims of the representative parties are typical of the claims of the class;

   e. A class action is superior to any other type of action for the fair and efficient adjudication of the controversy;

   f. The relief sought in this class action will effectively and efficiently provide relief to all members of the class;

   g. There are no unusual difficulties foreseen in the management of this class action; and

   h. Plaintiff, whose claims are typical of those of the Class, through her experienced counsel, will zealously and adequately represent the Class.

**B.     Numerosity**

42.     The Class consists of more than one thousand members and therefore is so numerous that joinder is impracticable.

**C.     Commonality**

43.     Numerous common questions of law and fact predominate over any individual questions affecting Class Members, including, but not limited to the following:

    a.   whether and how Defendant intentionally, recklessly, willfully, wantonly, maliciously, grossly and negligently failed to construct, maintain and operate the landfill;

    b.   whether Defendant owed any duties to Plaintiff;

    c.   which duties Defendant owed to Plaintiff;

    d.   which steps Defendant has and has not taken in order to control the emission of noxious odors and dust through the construction, maintenance and operation of its landfill;

    e.   whether and to what extent the landfill's noxious odors and dust were dispersed over the class area;

    f.   whether it was reasonably foreseeable that Defendant's failure to properly construct, maintain and operate the landfill would result in an invasion of Plaintiff's property interests;

    g.   whether the degree of harm suffered by Plaintiff and the class constitutes a substantial annoyance or interference; and

    h.   the proper measure of damages incurred by Plaintiff and the Class.

**D.     Typicality**

44.     Plaintiff has the same interests in this matter as all the other members of the Class and her claims are typical of all members of the Class. If brought and prosecuted individually, the claims of each Class Member would require proof of many of the same material

and substantive facts, utilize the same complex evidence including expert testimony, rely upon the same legal theories and seek the same type of relief.

45. The claims of Plaintiff and the other Class Members have a common cause and their damages are of the same type. The claims originate from the same failure of the Defendant to properly construct, repair, maintain and operate the landfill.

46. All Class Members have suffered injury in fact as a result of the invasion of their property by Defendant's release of noxious odors and dust, causing damage to their property.

E. **Adequacy of Representation**

47. Plaintiff's claims are sufficiently aligned with the interests of the absent Class Members to ensure that the Class' claims will be prosecuted with diligence and care by Plaintiff as representative of the Class. Plaintiff will fairly and adequately represent the interests of the Class and does not have interests adverse to the Class.

48. Plaintiff has retained the services of counsel who are experienced in complex class action litigation and in particular class actions stemming from invasions of landfill emissions. Plaintiff's counsel will vigorously prosecute this action and will otherwise protect and fairly and adequately represent Plaintiff and all absent Class Members.

F. **Class Treatment Is the Superior Method of Adjudication**

49. A class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint because:

    a. Individual claims by the Class Members would be impracticable as the costs of pursuit would far exceed what any one Class Member has at stake;

    b. Little or no individual litigation has been commenced over the controversies alleged in this Complaint and individual Class Members are unlikely to have an interest in separately prosecuting and controlling individual actions;

   c.  The concentration of litigation of these claims in one action will achieve efficiency and promote judicial economy; and

   d.  The proposed class action is manageable.

50. The prosecution of separate actions by or against individual members of the Class would create the risk of (i) inconsistent or varying adjudications with respect to individual members of the Class, which could establish incompatible standards of conduct for the party opposing the Class; and (ii) adjudications with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

51. Notice can be provided to members of the Class by U.S. Mail and/or publication.

## CAUSE OF ACTION I
## PRIVATE NUISANCE

52. Plaintiff restates the allegations of this Complaint as if fully restated herein.

53. Defendant owed, and continues to owe, a duty to Plaintiff and to the Class to prevent and abate the unreasonable interference with, and the invasion of, their private property interests.

54. The fugitive noxious odors, dust and air particulates which entered the properties of Plaintiff and the Class originated from the Defendant's landfill, which was improperly and unreasonably constructed, maintained, and/or operated by the Defendant.

55. The noxious odors, fugitive dust and air particulates invading the properties of Plaintiff and Class are indecent and offensive to people with ordinary health and sensibilities, and they obstruct the free use of their properties so as to substantially and unreasonably interfere with the enjoyment of life and property. This includes but is not limited to:

11

a) Forcing Plaintiff and Class Members to remain inside their homes and forego the use of their yards, porches, and other spaces, and to generally refrain from outdoor activities;

b) Causing Plaintiff and Class Members to keep their doors and windows closed when they would otherwise have them open;

c) Depriving Plaintiff and Class Members of the value of their homes and properties;

d) Causing Plaintiff and Plaintiff Class members to expend time and money cleaning Defendant's fugitive dust emissions off of their property; and,

e) Causing Plaintiff and Class Members embarrassment, inconvenience, and discomfort including, but not limited to, creating a reluctance to invite guests to their homes and preventing Plaintiff and Class Members from utilizing the outdoor areas of their respective properties.

56. Plaintiff's and the Class's properties are situated in such proximity to the Defendant's landfill as to constitute "neighboring" properties, in that they are near enough to be impacted by the tangible effects of noxious odors, airborne dust and particulates emitted from the landfill.

57. By constructing and then failing to reasonably repair, maintain, and/or operate the landfill, thereby causing noxious odors, dust and air particulates to physically invade the property of Plaintiff and the Class, the Defendant intentionally, knowingly, recklessly, and/or negligently created a nuisance that substantially and unreasonably interferes with Plaintiff's and the Class's properties.

58. As a foreseeable, direct, and proximate result of the forgoing misconduct of the Defendant, Plaintiff and the Class suffered damages to their properties as alleged herein.

59. Plaintiff and Class Members did not consent to the invasion of their properties by the Defendant's noxious odors, fugitive dust or air particulates, which is ongoing and constitutes a nuisance.

60. Any social utility that is provided by the landfill is patently outweighed by the harm suffered by Plaintiff and the Class, who have on frequent occasions been deprived of the full use and enjoyment of their properties and have endured substantial loss in the use and value of their properties.

61. Defendant's substantial and unreasonable interference with use and enjoyment of the properties of Plaintiff and the Class constitutes a private nuisance. Defendant is liable for all damages arising from such nuisance, including compensatory, injunctive, exemplary, and/or punitive relief.

## CAUSE OF ACTION II
## PUBLIC NUISANCE

62. Plaintiff restates the allegations of this Complaint as if fully restated herein.

63. Plaintiff and the Class utilize their properties as residences and reside within the Class Area.

64. The fugitive noxious odors, dust and air particulates that enter the properties of Plaintiff and the Class originated from the Defendant's landfill, which is in close proximity to the Class Area.

65. The unreasonable noxious odors, fugitive dust and air particulates emitted by the Defendant's landfill have been, and continue to be, dispersed across public and private land throughout the Class Area.

66. Defendant's noxious odors, fugitive dust and air particulate emissions have interfered with the public's right to breathe unpolluted and uncontaminated air.

67. By failing to reasonably design, operate, repair, and maintain the landfill, the Defendant has caused an invasion of the properties of Plaintiff and the Class by noxious odors,

fugitive dust and air particulates on frequent occasions that are too numerous to individually list herein.

68. The noxious odors, fugitive dust and air particulates invading the properties of Plaintiff and the Class are indecent and offensive to people with ordinary health and sensibilities. They obstruct the free use of Plaintiff's and the Class's properties so as to substantially and unreasonably interfere with the comfortable enjoyment of life and property. This includes, but is not limited to:

a) Forcing Plaintiff and Class Members to remain inside their homes and forego the use of their yards, porches, and other spaces, and to generally refrain from outdoor activities;

b) Causing Plaintiff and Class Members to keep their doors and windows closed when they would otherwise have them open;

c) Depriving Plaintiff and Class Members of the value of their homes and properties;

d) Causing Plaintiff and Plaintiff Class members to expend time and money cleaning Defendant's fugitive dust emissions off of their property; and,

e) Causing Plaintiff and Class Members embarrassment, inconvenience, and reluctance to invite guests to their homes.

69. As a foreseeable, direct, and proximate result of the forgoing conduct by the Defendant, Plaintiff and the Class have suffered special damages to their properties as alleged herein.

70. The damages suffered by Plaintiff and the Class are uniquely injurious to those parties because they suffer harm relating to the use and enjoyment of their land and property, and decreased property values, which are not harms suffered by the general public.

71. The general public is also impacted by the landfill's noxious odors, fugitive dust and air particulates. Many members of the general public are impacted by the fugitive emissions when they work, study, commute, shop, or engage in recreation in the Class Area, but they suffer no harm to the use and enjoyment of their land or property, or decreased property values.

72. As stated herein, the repeated, substantial, and unreasonable interferences with public and private rights has been documented by governmental authorities and citations have been issued for violations of applicable Ohio laws and regulations.

73. Plaintiff and Class Members did not consent to the invasion of their properties by the Defendant's noxious odors, fugitive dust and air particulates, which is ongoing and constitutes a nuisance.

74. By failing to reasonably operate, repair, and/or maintain the landfill so as to abate nuisances such as air particulate emissions, the Defendant has acted, and continues to act, intentionally, knowingly, recklessly, and/or negligently, and with conscious disregard for public health, safety, peace, comfort, and convenience.

75. Plaintiff and the Class suffered, and continue to suffer, harms and damages that are of a different kind and in addition to those suffered by the public at large.

76. Any social utility that is provided by the landfill is patently outweighed by the harm suffered by Plaintiff and the Class, who have on frequent occasions been deprived of the full use and enjoyment of their properties and have endured substantial loss in the use and value of their properties.

77. Defendant's substantial and unreasonable interference with Plaintiff's and the Plaintiff Class's use and enjoyment of their properties arises from a public nuisance, from which the Plaintiff and Class Members have uniquely suffered. Defendant is liable to Plaintiff and the

15

Class for all damages arising from such nuisance, including compensatory, injunctive, exemplary, and/or punitive relief.

## CAUSE OF ACTION III
### TRESPASS

78. Plaintiff restates the allegations of this Complaint as if fully restated herein.

79. Defendant intentionally, knowingly, purposely, willfully, wantonly, maliciously, recklessly, and/or negligently failed to properly construct, maintain, and/or operate the landfill.

80. As a direct and proximate result of Defendant's conduct, fugitive dust and air particulates physically invaded, entered, settled upon, and accumulated upon the property of Plaintiff and the Class on occasions too numerous to identify independently. This is an ongoing occurrence.

81. It was reasonably foreseeable that the Defendant's failure to properly construct, maintain, and/or operate the landfill would result in such an invasion of those properties by fugitive dust and air particulates.

82. The fugitive dust and air particulates substantially interfere with Plaintiff's and the Class's exclusive possession, use, and enjoyment of their properties, causing substantial damage, and they constitute a trespass thereupon. This includes, but is not limited to:

   a) Forcing Plaintiff and Class Members to remain inside their homes and forego the use of their yards, porches, and other spaces, and to generally refrain from outdoor activities;

   b) Causing Plaintiff and Class Members to keep their doors and windows closed when they would otherwise have them open;

   c) Depriving Plaintiff and Class Members of the value of their homes and properties;

   d) Causing Plaintiff and Plaintiff Class members to expend time and money cleaning Defendant's fugitive dust emissions off of their property; and,

  e) Causing Plaintiff and Class Members embarrassment, inconvenience, and reluctance to invite guests to their homes.

83. Plaintiff and Class Members did not consent to the physical invasion of their properties by fugitive dust and air particulates emitted from the landfill.

84. The Defendant's actions resulting in the trespass upon the property of Plaintiff and the Class lands were and continue to be intentional, willful, malicious, and made with a conscious disregard for the rights of Plaintiff and the Class. Plaintiff and the Class are entitled to compensatory, injunctive, exemplary, and/or punitive relief.

## CAUSE OF ACTION IV

### NEGLIGENCE AND GROSS NEGLIGENCE

52. Plaintiff restates the allegations set forth in all previous paragraphs of this Complaint as if fully rewritten herein.

53. On occasions too numerous to mention, Defendant negligently and improperly constructed, operated and/or maintained its landfill, causing fugitive emissions to escape and invade the home, land, and property of Plaintiff and the Class.

54. Defendant owed Plaintiff and the Class, as a neighboring landowner, a duty of care with regard to its operation and maintenance of the Landfill.

55. As a direct, proximate, and foreseeable result of Defendant's negligence and gross negligence in constructing, operating, and/or maintaining the Landfill, Plaintiff's property, on occasions too numerous to mention, was physically invaded by noxious odors and dust.

56. As a further direct, proximate, and foreseeable result of the foregoing conduct of Defendant, Plaintiff and the Class suffered damages to their property as alleged herein. Such

damages include, but are not limited to, the loss of use and enjoyment of the property of the Plaintiff and the Class and diminution in the value of their property.

57. By failing to properly construct, maintain and/or operate its landfill, Defendant failed to exercise its duty of ordinary care and diligence so that noxious odors and dust would not invade the properties of Plaintiff and the Class.

58. By failing to construct, maintain and/or operate its landfill, Defendant has caused the invasion of the properties of the Plaintiff and the Class by noxious odors and dust.

59. Defendant knowingly breached its duty to exercise ordinary care and diligence when it improperly constructed, maintained and/or operated its landfill and knew, or should have known upon reasonable inspection that such actions would cause the properties of Plaintiff and the Class to be invaded by noxious odors and dust. As a direct and proximate result of the failure of Defendant to exercise ordinary care, the residences of Plaintiff and the Class have been and continue to be physically invaded by noxious odors and dust.

60. Defendant's conduct in knowingly allowing conditions to exist, which caused noxious odors and dust to physically invade the properties of Plaintiff and the Class, constitutes gross negligence as it demonstrates a conscious disregard for their rights and safety.

61. There was a great probability that substantial harm would result from Defendant's acts and omissions in constructing, operating, and maintaining the Landfill.

62. Defendant's gross negligence was malicious and made with a conscious disregard for the rights and safety of Plaintiff and the Class, which entitles them to an award of compensatory, exemplary, and punitive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, prays for judgment as follows:

A.    Certification of the proposed Class pursuant to Federal Rule of Civil Procedure 23;

B.    Designation of Plaintiff as representative of the proposed Class and designation of her counsel as Class Counsel;

C.    Judgment in favor of Plaintiff and the Class Members against Defendant;

D.    An award, to Plaintiff and the Class, of compensatory and punitive damages and attorneys' fees and costs, including pre-judgment and post-judgment interest thereupon;

E.    An Order holding that entrance of the aforementioned noxious odors and dust upon the properties of Plaintiff and the Class constituted a nuisance;

F.    An award to Plaintiff and the Class Members of injunctive relief not inconsistent with Defendant's state and federal regulatory obligations; and

G.    Such further relief both general and specific as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: August 4, 2022

                                              Respectfully submitted,

                                              */s/ Daniel P. Petrov*_____
                                              Daniel P. Petrov (0074151)
                                              Thorman Petrov Group Co., LPA
                                              20046 Walker Road
                                              Shaker Heights, OH 44122
                                              Tel: 216.621.3500 | Fax: 216.621.3422
                                              dpetrov@tpgfirm.com

                                              Nicholas A. Coulson*
                                              Matthew Z. Robb*
                                              *Pro Hac Vice Motions to be Submitted*

                **LIDDLE SHEETS COULSON PC**
                975 E. Jefferson Avenue
                Detroit, Michigan 48207-3101
                Tel: (313) 392-0015/Fax: (313) (313) 392-0025
                sliddle@ldclassaction.com
                ncoulson@ldclassaction.com
                mrobb@ldclassaction.com

*Attorneys for Plaintiff and the putative Class*