PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARI NAGY, | ) | |
| | ) | CASE NO. 4:22CV1376 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| LORDSTOWN CONSTRUCTION | ) | |
| RECOVERY, LLC, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF No. 5] |

Pending before the Court is Defendant Lordstown Construction Recovery, LLC's Motion to Dismiss Plaintiff Mari Nagy's Class Action Complaint. *See* ECF No. 5. Plaintiff filed a response in opposition. *See* ECF No. 16. Defendant filed a reply in support of its Motion. *See* ECF No. 18. For the reasons set forth below, the Court denies in part and grants in part Defendant's Motion to Dismiss.

**I. Background**

Defendant owns and operates a disposal facility in Trumbull County, Ohio. *See* ECF No. 1 at PageID #: 1, ¶ 1. Defendant's facility "accepts thousands of tons of waste per day, including but not limited to construction and demolition waste for disposal at its landfill." ECF No. 1 at PageID #: 3, ¶ 14. Defendant clarifies that it only accepts "construction and demolition debris and does not accept any putrescible garbage, trash, municipal sludge, or infectious, industrial or hazardous wastes of any kind." ECF No. 5 at PageID #: 36. Once deposited into Defendant's landfill, the waste decomposes and generates odorous compounds like hydrogen sulfide, methane, and carbon dioxide. *See* ECF No. 1 at PageID #: 3, ¶ 15.

(4:22CV1376)

Plaintiff Mari Nagy brings this action individually and on behalf of others residing within three miles[1] of Defendant's facility. See ECF No. 1 at PageID #: 8, ¶ 40. Although a disposal facility should "collect, capture and destroy landfill gas," Plaintiff alleges that Defendant's facility emits odorous and offensive byproduct into the air that has the characteristic of a "rotten-egg smell." ECF No. 1 at PageID #: 3, ¶¶ 16, 21. In addition to the vile odors, Plaintiff alleges that Defendant's operations produce dust that invades Plaintiff's land. See ECF No. 1 at PageID #: 3, ¶ 17–18. Due to Defendant's alleged failure to contain odors and dust, the Ohio Environmental Protection Agency ("OEPA") has received frequent complaints from putative class members. See ECF No. 1 at PageID #: 4, ¶ 26. The following highlight some of the complaints that Plaintiff provides:

(1) The Behnke's reported that "[t]here is often skunk-like or rotten smelling odors along with constant dirt and dust." ECF No. 1 at PageID #: 5, ¶ 29.

(2) The Lee's reported that "[d]epending on which way the breeze is blowing[,] the smell is so overwhelming I have to go inside and close all windows and doors. Dust is a daily occurrence. What are we breathing?" ECF No. 1 at PageID #: 5, ¶ 29.

(3) The Ritz's reported that "[t]here are times we cannot sit out or open our windows because of foul odor. Keeping windows open any length of time is not an option because of the dust." ECF No. 1 at PageID #: 5, ¶ 29.

(4) The Wells' reported that "[d]ust prevents us from opening windows—constantly cleaning and washing—have to remove dust buildup. Odor prevents us from sitting outside or opening windows." ECF No. 1 at PageID #: 5, ¶ 29.

---

[1] The putative class extends radially in all directions from Defendant's facility, which covers a total of about 28.27 square miles.

(4:22CV1376)

As a result of complaints like those exemplified above, the OEPA has issued numerous Notices of Violations ("NOV") to Defendant for dust and odor emissions. *See* ECF No. 1 at PageID #: 5–6, ¶ 30. Defendant first received an NOV relating to dust on August 3, 2012, which was ten years before Plaintiff filed the instant Complaint. *See* ECF No. 5 at PageID #: 38. Defendant first received an NOV relating to odors on November 18, 2015, which was almost seven years before Plaintiff filed the instant Complaint. *See* ECF No. 5 at PageID #: 38. The OEPA nonetheless issued another NOV to Defendant for odor emissions as recent as September 15, 2022, which was just weeks before Plaintiff filed the instant Complaint. *See* ECF No. 16 at PageID #: 99; ECF No. 16-1.

Plaintiff asserts that she was harmed by the dust and odors generated by Defendant's facility, and she brings four causes of action against Defendant: (1) private nuisance; (2) public nuisance; (3) trespass; and (4) negligence and gross negligence. *See* ECF No. 1. Defendant moves to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6) primarily arguing that Plaintiff's claims are time-barred. *See* ECF No. 5. Defendant also seeks partial dismissal pursuant to Fed. R. Civ. P. 12(b)(6) because Defendant believes that Plaintiff fails to allege a special injury that supports her public nuisance claim and sufficient facts that support her trespass claim. *See* ECF No. 5.

## II. Standard of Review

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A must contain a

3

(4:22CV1376)

"short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citations omitted). A pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556) The plausibility standard is not akin to a "probability requirement," but it suggests more than a sheer possibility that a defendant has acted unlawfully. *Twombly*, 550 U.S. at 556. When a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557 (brackets omitted). "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. Rule 8(a)(2)). The Court "need not accept as true a legal conclusion couched as a factual allegation or an unwarranted factual inference." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations and internal quotation marks omitted).

On a motion made under Rule 12(b)(6), the Court's inquiry is generally limited to the content of the complaint, "although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account without

4

(4:22CV1376)

converting the motion to one for summary judgment." *Ira Svendsgaard & Assoc., Inc. v. AllFasteners USA, LLC*, No. 1:20 CV 328, 2021 WL 4502798, at *3 (N.D. Ohio Oct. 1, 2021) (Nugent, J.) (citing *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016)).

### III. Discussion

Defendant's Motion first seeks to dismiss all claims based on Ohio's four-year statute of limitations. *See* ECF No. 5. Alternatively, if the Court finds that Plaintiff's claims are not time-barred, Defendant seeks dismissal of Plaintiff's public nuisance and trespass claims. ECF No. 5. Because the Court is sitting in diversity, the *Erie* doctrine instructs the Court to apply the forum state's substantive law and federal procedural law. *See Yates v. Ortho-McNeil-Janssen Pharm., Inc.*, 808 F.3d 281, 289 (6th Cir. 2015); *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)). For this instant matter, given that the applicable forum state is Ohio, the Court will apply Ohio substantive law in its analysis of each of Plaintiff's claims.

#### A. Statute of Limitations

Defendant argues that Plaintiff's claims are time-barred under the four-year statute of limitations set forth in Ohio Rev. Code § 2305.09 because Plaintiff first became aware of Defendant's alleged tortious emissions in 2012, when the OEPA first issued Defendant with an NOV. *See* ECF No. 5 at PageID #: 45. Plaintiff acknowledges that the four-year statute of limitations is applicable, but Plaintiff argues that it has not yet expired. *See* ECF No. 16 at PageID #: 108.

Under Ohio law, tortious conduct claims, including, but not limited to, nuisance, trespass, and negligence, are generally subject to a four-year statute of limitations period pursuant to Ohio Rev. Code § 2305.09. The four-year statute of limitations period begins to run once "a plaintiff

5

(4:22CV1376)

discovers, or reasonably should have discovered, damage to the property." *Sexton v. City of Mason*, 883 N.E.2d 1013, 1021 (Ohio 2008). Claims of continuing tortious conduct, however, are an exception to the general rule. *See Elmer v. S.H. Bell Co.*, 127 F. Supp. 3d 812, 823 (N.D. Ohio 2015) (citation omitted). In Ohio, the statute of limitations period is tolled for continuing tortious conduct, whereas the four-year statute of limitations period applies to permanent tortious conduct. *See State ex rel. Doner v. Zody*, 958 N.E.2d 1235, 1244 (Ohio 2011) (citations omitted); *Sexton*, 883 N.E.2d at 1021. Continuing tortious conduct is characterized as ongoing conduct by a defendant that perpetually generates new violations. *See Kramer v. Angel's Path, LLC*, 882 N.E.2d 46, 52 (Ohio Ct. App. 2007). Conversely, permanent tortious conduct "occurs when the [defendant's] tortious act has been completed, but the plaintiff continues to experience injury in the absence of any further activity by the defendant." *Elmer*, 127 F. Supp. 3d at 823 (quoting *Kramer*, 882 N.E.2d at 52).

      Defendant contends that its alleged tortious conduct should be characterized as permanent, rather than continuous, and, therefore, Plaintiff's claims are time-barred. Plaintiff maintains that Defendant's tortious conduct is continuous, which is grounds for the Court to toll the statute of limitations. Although Defendant received an NOV as early as 2012, Plaintiff's Complaint lists nine NOVs, issued between February 19, 2020 and January 24, 2022, to provide ample support that Defendant's alleged tortious conduct continues to generate emissions that harmed, and continue to harm, Plaintiff. *See* ECF No. 1 at PageID #: 5–6, ¶ 30. Because the Complaint alleges that the continued operation of Defendant's facility has created new violations within the last four years, Defendant's alleged tortious conduct falls within the meaning of continuing tortious conduct under Ohio law. *See* ECF No. 1; *Nottke v. Norfolk S. Ry. Co.*, 264 F. Supp. 3d 859, 865–66 (N.D. Ohio 2017); *Ashtabula River Corp. Grp. II v. Conrail, Inc.*, 549 F.

6

(4:22CV1376)

Supp. 2d 981, 985 (N.D. Ohio 2008). Given Plaintiff's claims that Defendant's ongoing conduct of waste collection perpetually creates ongoing violations of "noxious odors and dust" production, the Complaint has sufficiently demonstrated that Defendant's actions are characterized as continuous—and not permanent—tortious conduct. ECF No. 1 at a PageID #: 3, ¶ 14–15, 18–19. For these reasons, the Court finds that Plaintiff's claims against Defendant are not time-barred.

### B. Public Nuisance

Under Ohio law, a public nuisance consists of "an unreasonable interference with a right common to the general public." Cincinnati v. Beretta U.S.A. Corp., 768 N.E.2d 1136, 1142 (Ohio 2002) (citing Restatement of the Law 2d, Torts § 821B(1) (1965)). A public nuisance "does not afford a basis for recovery of damages in tort unless there is particular harm to the plaintiff that is of a different kind than that suffered by the public in general." Sierra Club v. United States EPA, 60 F.4th 1008, 1019 (6th Cir. 2023) (quoting Brown v. Scioto Cnty. Bd. of Comm'rs, 622 N.E.2d 1153, 1160 (Ohio Ct. App. 1993)). Defendant argues that Plaintiff's public nuisance claim should be dismissed because Plaintiff fails to allege sufficient facts that show a "special injury." See ECF No. 5 at PageID #: 49. Plaintiff, on the other hand, argues that the Complaint sufficiently alleges a public nuisance claim by pleading two special injuries recognized under Ohio law: "diminished property values" and "interference with the use and enjoyment of private property. ECF No. 16 at PageID #: 109 (citing Brown, 622 N.E.2d at 1159).

### 1. Diminished Value of Property

Ohio courts acknowledge that "diminished value of property is enough to demonstrate special damage." Conkle v. S. Ohio Med. Ctr., No. 04CA2973, 2005 WL 1820035, at *3 (Ohio

7

(4:22CV1376)

Ct. App. July 29, 2005) (citing *Ameigh v. Baycliffs Corp.*, 712 N.E.2d 784 (Ohio Ct. App. 1998)). However, "the court cannot find standing when the plaintiff fails to allege and present evidence that supports a finding of diminished property value or other special damage." *Id.*; *see also Verbillion v. Enon Sand & Gravel, LLC*, 180 N.E.3d 638, 652 (Ohio Ct. App. 2021); *Brewton v. Deutsche Bank Trust Co.*, No. 1:08CV516, 2009 WL 10688986, at *9–10 (N.D. Ohio Feb. 12, 2009). Plaintiff pleads that Defendant "[d]epriv[es] Plaintiff and Class Members of the value of their homes and properties." ECF No. 1 at PageID #: 14, ¶ 68. This statement is nothing more than a conclusory allegation as Plaintiff fails to plead any facts to make a diminished property value allegation plausible. Additionally, Defendant's brief includes a public record which shows that Plaintiff's residence has increased 48.43% in value since 2018. *See* ECF No. 18-1 at PageID #: 185. Without providing the Court with any evidence to support the claim of diminished property values, Plaintiff has not shown standing to pursue this theory of recovery.

### 2. Interference with the Use and Enjoyment of Land

Alternatively, Plaintiff's Complaint asserts a public nuisance claim under the theory of "interference with the use and enjoyment of private property." ECF No. 16 at PageID #: 109. Ohio courts recognize that "when the particular harm involved consists of interference with the use and enjoyment of land, the landowner may recover either on the basis of the particular harm to her resulting from the public nuisance or on the basis of private nuisance." *Brown*, 622 N.E.2d at 1160; *see also Elmer*, 127 F. Supp. 3d at 827; *Beck v. Stony Hollow Landfill, Inc.*, No. 3:16-CV-455, 2017 WL 1551216, at *4 (S.D. Ohio May 1, 2017). Plaintiff pleads that putative class members "have to go inside and close all windows and doors," "cannot sit out or open [] windows because of foul odor," and that "[o]dor prevents [them] from sitting outside or opening

(4:22CV1376)

windows," which forces Plaintiff and putative class members to "forego the use of their yards, porches, and other spaces." ECF No. 1 at PageID #: 5, 14. The Court, construing these allegations in a light most favorable to Plaintiff, finds that the Complaint pleads a facially plausible public nuisance claim by describing how Plaintiff was harmed as a property owner, which is distinct from the harm suffered by the general public. Accordingly, the Court denies Defendant's Motion to Dismiss Plaintiff's public nuisance claim.

### C. Trespass

Defendant argues that Plaintiff's trespass claim should be dismissed because Plaintiff fails to properly plead that the airborne particles from Defendant's operations have "substantially damaged" Plaintiff's property. *See* ECF No. 5 at PageID #: 17–18. Under Ohio law, a trespass claim requires a finding of an unauthorized, intentional act and entry or intrusion upon another's land. *See Brown v. Whirlpool Corp.*, 996 F. Supp. 2d 623, 640 (N.D. Ohio 2014) (citing *Lally v. BP Prods. N. Am., Inc.,* 615 F.Supp.2d 654, 659–660 (N.D. Ohio 2009)); *Woods v. Sharkin*, 192 N.E.3d 1174, 1199 (Ohio Ct. App. 2022). For airborne particle trespass claims, "a plaintiff must allege that the defendant's emitting practices contaminated or substantially damaged her property." *Elmer*, 127 F. Supp. 3d at 826 (citations omitted). While "[t]he term 'substantial'…does indicate a difference of degree, [it] does not necessarily indicate that only interference to some extreme degree is cognizable. *Little Hocking Water Ass'n, Inc. v. E.I. du Pont Nemours & Co.*, 91 F. Supp. 3d 940, 981 (S.D. Ohio 2015).

Plaintiff alleges that "[t]he fugitive dust and air particulates . . . caus[e] substantial damage, and they constitute a trespass thereupon." ECF No. 1 at PageID #: 16, ¶ 82. Plaintiff elaborates that "[t]he dust covers everything in my home and causes allergies," "there is . . . constant dirt and dust," "[d]ust is a daily occurrence," "keeping windows open any length of time

9

(4:22CV1376)

is not an option because of the dust," and "[d]ust prevents us from opening windows—constantly cleaning and washing–have to remove dust buildup." ECF No. 16 at PageID #: 112 (citing ECF No. 1 at PageID #: 5). Although Plaintiff adequately pleads the presence of airborne particles invading her land, she fails to sufficiently demonstrate how these airborne particles caused substantial physical damage to her property or affected the health of putative class members. The Complaint is largely silent on the risks of the identified airborne particles to human health, with the exception of a minor mention that they "cause allergies" without supporting evidence or explanations. ECF No. 1 at PageID #: 5; *cf. Brown v. Whirlpool Corp.*, 996 F. Supp. 2d 623, 641 (N.D. Ohio 2014) (dismissing plaintiff's trespass claim because the complaint merely detected the presence of benzaldehyde without alleging the risks of benzaldehyde to human health); *but cf. McGlone v. Centrus Energy Corp.*, No. 2:19-CV-02196, 2020 WL 4431482, at *14 (S.D. Ohio July 31, 2020) (finding plaintiffs stated a plausible trespass claim because the complaint sufficiently alleges that the counties immediately surrounding defendants' plant have the highest cancer rates in Ohio).

Even if the Court were to conclude that Plaintiff sufficiently pleads the presence of substantial damage, she fails to adequately plead that the act in question was *intentional*. "An intentional tort occurs when the actor desires to cause consequences of his act, or believes that the consequences are substantially certain to result from it." *Hayes v. Carrigan*, 94 N.E.3d 1091, 1095 (Ohio Ct. App. 2017) (citations omitted). The Complaint merely contains a conclusory statement that "Defendant intentionally, knowingly, purposely, willfully, wantonly, maliciously, recklessly, and/or negligently failed to properly construct, maintain, and/or operate the landfill." ECF No. 1 at PageID #: 16. Yet, Plaintiff fails to plausibly allege that Defendant either desired or believed with substantial certainty that the acts in question would result in dust covering

10

(4:22CV1376)

Plaintiff's home and cause allergies. Therefore, because the Complaint contains no plausible allegations that Plaintiff's property was substantially damaged or that Defendant intentionally desired to cause the consequences of the acts in question, the Court grants Defendant's Motion to Dismiss Plaintiff's trespass claim.

## IV. Conclusion

For the reasons set forth above, the Court finds that Plaintiff's claims against Defendant are not time-barred. The Court hereby denies Defendant's Motion to Dismiss regarding Plaintiff's claim of public nuisance and grants Defendant's Motion to Dismiss regarding Plaintiff's claim of trespass claim. Furthermore, because Defendant did not seek to dismiss Plaintiff's claims of private nuisance and negligence (including gross negligence), these two causes of action remain subject to further proceedings.

An Order scheduling a Case Management Conference is forthcoming.

IT IS SO ORDERED.

| September 8, 2023 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |