IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARI NAGY on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> LORDSTOWN CONSTRUCTION RECOVERY, LLC, <br><br> Defendant. | Case No. 4:22-cv-01376-BYP <br><br> Judge Benita Y. Pearson |

## FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION SETTLEMENT

The Court issued a Preliminary Approval Order on February 22, 2024. *See* ECF No. 30. The Court scheduled a Fairness Hearing for June 7, 2024, at 2:00 p.m. to determine: (a) whether the proposed settlement between Plaintiff Mary Nagy, individually and on behalf of each member of the Settlement Class, and Defendant Lordstown Construction Recovery, LLC, on the terms and conditions set forth in the Settlement Agreement (the "Agreement")[1] is fair, reasonable and adequate, and (b) whether to enter a Final Order and Judgment Approving Class Action Settlement (a proposed form of which was attached as Exhibit B to the Agreement). Through the Preliminary Approval Order, the Court also ordered that the Class Notice (Exhibit D to the Agreement) be mailed to the Class in accordance with the terms of the Settlement Agreement.

The Fairness Hearing on the Agreement was duly held before this Court at which time all interested persons were afforded an opportunity to be heard. This Court has duly considered all

---
[1] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Agreement.

submissions and arguments presented on the proposed settlement, including any objections or arguments against the settlement.

NOW, THEREFORE, THIS COURT FINDS, CONCLUDES, ADJUDGES AND DECREES THAT:

1. The Court has jurisdiction over the parties, all Settlement Class Members and the subject matter of this litigation. The Class Action Settlement Agreement and Release (including exhibits) is hereby incorporated by reference in this Order.

2. For purposes of implementation of this settlement and in accordance with the Settlement Agreement, the Court finally certifies the Settlement Class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), defined as: "All owner/occupants and renters of residential property residing within three (3) miles of the landfill's property boundary at any time during the Class Period who do not affirmatively opt out of the Settlement Agreement." Excluded from the Class are: (1) Agencies, departments, or instrumentalities of the United States of America; (2) any Native American Tribe, defined at 30 U.S.C. § 1702(4) as an "Indian Tribe" or Native American, "Indian," allottee as defined at 30 U.S.C. § 1702. The Class Area is defined in the Settlement Agreement and is specifically delineated through the Class Area Map attached thereto as Exhibit A to the Agreement . The Class Period is defined in the Settlement Agreement and includes the period of time between and including August 4, 2018 through the Effective Date.

3. The Court finds that the Settlement Class as defined is ascertainable, and satisfies the requirements of numerosity, commonality, typicality and adequacy of representation. The Court further finds that the proposed settlement satisfies the predominance and superiority requirements of Rule 23(b)(3).

4. The Agreement reached between Plaintiff Mary Nagy, individually and on behalf of each member of the Class, and Defendant, on the terms and conditions set forth in the Agreement, is fair, reasonable, adequate, in the best interests of the Settlement Class, and is hereby

approved.

5.   Plaintiff Mary Nagy and Class Counsel (Laura L. Sheets, Esq., Steven D. Liddle, Esq., Matthew Z. Robb, Esq., and Daniel P. Petrov, Esq.) have fairly and adequately represented the interests of the Settlement Class in this matter and in its resolution. The Court hereby confirms their appointment as Class Counsel and Class Representative.

6.   This Order and Judgment is binding upon Plaintiff Mary Nagy, Settlement Class Members, and Defendant. The agreement between the Parties to settle this case shall be consummated in accordance with the terms and conditions of the Agreement. The parties and Administrator are directed to carry out their obligations under the Agreement.

7.   The Class Notice served on the Class following entry of the Preliminary Approval Order, which included publication notice in a newspaper of general circulation within the Class Area and publication of the Agreement through a designated Settlement Website, constituted the best notice practical under the circumstances and is in compliance with the notice requirements of due process and Fed R. Civ. P. 23.

8.   The notice served on the appropriate Federal and State officials within ten days of filing the motion for preliminary approval is in full compliance with the provisions set forth in the Class Action Fairness Act, 28 U.S.C. § 1715, as confirmed by the declaration filed by the Defendant. This Order is being entered more than 90 days after issuance of such notices.

9.   In approving this settlement, the Court gave due consideration to any objections, submissions and arguments presented against the proposed settlement, but the Court ultimately deems this settlement to be fair, reasonable, adequate, in the best interests of the Settlement Class. The Court has carefully considered all of the factors set forth in Fed. R. Civ. P. 23(e)(2).

10.   Upon the Final Settlement Approval, Plaintiff Mary Nagy and the Class are (i) deemed to have released the claims within the scope of the Released Claims as defined in the Agreement, and (ii) permanently enjoined from continuing to prosecute, or otherwise initiating, claims within the scope of the Released Claims.

11. The Court finds that Class Counsel is entitled to attorneys' fees in the amount of $321,750 from the Settlement Fund as specified in the Agreement, and that Class Counsel is additionally entitled to reimbursement from the Settlement Fund for litigation costs and expenses reasonably incurred in connection with the Action in an amount not to exceed $20,000. The Court grants an incentive award to the Plaintiff in the amount of $10,000, to be paid from the Settlement Fund in accordance with the Settlement Agreement.

12. All of the claims asserted in this lawsuit by Plaintiff Mary Nagy, individually and on behalf of the Settlement Class, are hereby dismissed with prejudice, each party to bear its own costs.

13. This Court retains jurisdiction over all matters relating to the modification, interpretation, administration, implementation, effectuation and enforcement of the Settlement Agreement and this Order.

IT IS SO ORDERED.

Dated: 6/10/2024

*/s/Benita Y. Pearson*
The Honorable Benita Y. Pearson